## 48437. R. F. BURTON COMPANY v. SOUTHERN MARINE ASSOCIATES, INC.

DEEN, Judge. Burton owned a boat which under an oral agreement the defendant Southern Marine Associates was to keep housed in a covered docking space. The boat was removed to open docking space after a storm, and the plaintiff contracted with a

third party to strip and repaint the bottom during this time, and arranged for the defendant to remove it from the water on barrels so that this could be done. The defendant then wanted a part of the work, and the third party agreed that it should do the sandblasting preliminary to the painting. The entire job should have taken between one and two weeks. However, defendant, after removing the boat from the water, failed to do the preliminary stripping, as a result of which the boat was left exposed to the sun for between two and three months and suffered damage to its superstructure. All work, including sandblasting, was eventually done by the third party. Plaintiff sues for this damage and also for the loss of certain personal property which he contends, and the defendant denies, it was the duty of the latter to protect.

The defendant moved for and was granted summary judgment. The plaintiff appeals on the grounds that there were issues of fact (a) as to negligence and breach of contract in the defendant's duties as landlord, and (b) as to negligence by the defendant in its capacity as bailee in failing to exercise ordinary care in protecting the plaintiff's property. *Held:*

1. The defendant is correct in its contention that one not in privity of contract with another cannot maintain an action against him for breach of the contract, and that therefore any damage which accrued to the plaintiff's boat as a direct result of a breach of the subcontract between the defendant and a third party is not recoverable by the plaintiff. *McWhirter Material Handling Co. v. Ga. Paper Stock Co.,* 118 Ga. App. 582 (164 SE2d 852); *First of Ga. Ins. Co. v. Augusta Ski Club,* 118 Ga. App. 731 (165 SE2d 476).

2. However, there was a contract directly between the plaintiff and defendant which, according to the plaintiff's contentions, imposed a burden on the defendant to house and protect the boat and its contents. If the defendant, in the course of its dealings with Buck Woods Marine Service, was guilty of negligence which constituted both a breach of that subcontract and a breach of its duty to the plaintiff to care for the boat while under its control on its premises, then the latter breach would be actionable although the former was not. In other words, for the plaintiff to recover he must show the breach of a duty owed by the defendant to himself, but if such a duty exists, and ordinary care has not been observed in its performance, then the defendant cannot insulate himself by contending that the act was occasioned by and constituted a breach of his agreement with another. "Where

a duty to exercise ordinary care in doing or refraining from doing some act rests upon a contract with a third person, one injured by the negligence of the actor cannot ordinarily rely for recovery on a mere breach of warranty or violation of the contractual obligation. He may, however, plead and prove the contract by way of inducement to raise the duty of the defendant to use due care in his performance of it." *Stuart v. Berry,* 107 Ga. App. 531 (2) (130 SE2d 838). There were issues of fact for jury determination, and the trial court erred in sustaining the defendant's motion for summary judgment.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 10, 1973 — DECIDED SEPTEMBER 27, 1973 — REHEARING DENIED OCTOBER 29, 1973.

*Zachary & Segraves, Robert G. Nordone,* for appellant.
*King & Spalding, A. Felton Jenkins, Jr.,* for appellee.