## A00A0862. TUCKER MATERIALS (GEORGIA), INC. v. DEVITO CONTRACTING & SUPPLY, INC. et al.
### (535 SE2d 858)

PHIPPS, Judge.

Tucker Materials (Georgia), Inc. sued on a payment bond issued by Ulico Casualty Company for Devito Contracting & Supply, Inc. Tucker appeals the grant of summary judgment to Ulico and the denial of summary judgment to itself. Because we find that Tucker's action was time-barred by a limitation provision in the payment bond, we affirm.

In January 1997, Devito entered a contract with Ramesh Patel to build the Lawrenceville Best Western Hotel. Tucker supplied construction materials for the project to Devito on open account.

To insure performance and payment of laborers, materialmen and equipment suppliers, Devito procured a performance bond and a payment bond from Ulico. The payment bond specified that suits or actions on it must be filed within one year "from the date . . . on which the last labor or service was performed by anyone under the Construction Contract."

In September 1997, Devito and Patel became embroiled in a payment dispute, and on September 26, Devito ceased working on the project. After Devito left, Patel hired other contractors to complete the project. A certificate of occupancy was issued for the hotel on December 29, 1997.

Tucker asserts that Devito failed to pay a balance of $15,672.97 for construction materials advanced for the project. On December 18, 1998, Tucker sued Devito and Ulico for the principal and interest on Devito's account balance. Devito did not timely file an answer, and a

default judgment was entered against it. Ulico answered and later moved for summary judgment on the ground that Tucker's suit was filed outside the one-year period prescribed in the payment bond. Tucker moved for summary judgment on the ground that its suit was timely because it was filed within one year of the date the last work orders were completed. The trial court denied summary judgment to Tucker and granted summary judgment to Ulico, finding that Tucker's suit was filed too late to meet the limit set by the payment bond.

We agree. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] The construction of a contract is peculiarly well suited for disposition by summary judgment because, in the absence of an ambiguity in terms, it is a question of law for the court.[2] An ambiguity exists only if after the application of the pertinent rules of interpretation, it remains uncertain which of two or more possible meanings the parties intended.[3] "[N]o construction is required or even permissible when the language employed by the parties in the contract is plain, unambiguous and capable of only one reasonable interpretation. [Cit.]"[4]

The cardinal rule of contract construction is to ascertain the intent of the parties.[5] "Words in an insurance contract must be given their usual, ordinary, and common meaning. [Cit.]"[6] And "[i]n contrast to the general rule that policies of insurance are construed strictly against the insurer, the obligation of a surety is construed strictly in the surety's favor. [Cits.]"[7]

The payment bond specified, "[n]o suit or action shall be commenced by a Claimant under this Bond . . . after the expiration of one year from the date . . . on which the last labor or service was performed by anyone under the Construction Contract."

The payment bond specifically defined the "Construction Contract" as "[t]he agreement between the Owner and the Contractor identified on the signature page, including all Contract Documents and changes thereto." The signature page identified Patel as the

---

[1] OCGA § 9-11-56 (c).

[2] *Castellana v. Conyers Toyota*, 200 Ga. App. 161, 165 (2) (407 SE2d 64) (1991).

[3] *Crooks v. Crim*, 159 Ga. App. 745, 748 (285 SE2d 84) (1981).

[4] Id.

[5] OCGA § 13-2-3.

[6] *Bold Corp. v. Nat. Union Fire Ins. Co. &c.*, 216 Ga. App. 382, 383-384 (1) (454 SE2d 582) (1995).

[7] *R. J. Griffin & Co. v. Continental Ins. Co.*, 230 Ga. App. 822, 823 (497 SE2d 586) (1998).

owner and Devito as the contractor. The statement of General Conditions for the Contract specified, "The Contract Documents shall not be construed to create a contractual relationship of any kind . . . between any persons or entities other than the Owner and Contractor." Thus the plain language of the executed documents leads to only one reasonable interpretation of the limitation provision. Suits or actions on the payment bond had to be brought within one year of the date Devito or anyone affiliated with Devito performed work under the contract between Devito and Patel.

It would be incongruent with the purpose of the payment bond to interpret it to stipulate that the limitation period extended until one year after entities not affiliated with Devito completed work on the project. Devito procured the payment bond to insure payment of the laborers, materialmen and suppliers that *it* hired. Ulico issued the payment bond to cover only Devito. It was not intended to cover the payment obligations of any other contractor.

Tucker argues that the phrase "anyone under the Construction Contract" should be read broadly to include anyone hired by Patel to complete the work originally contracted to Devito because the contract gave Patel the right to hire others to complete the work in the event Devito defaulted. But the contractual provisions cited by Tucker do not refer specifically to a right of the owner to complete the project in the event of default by the contractor; instead, they articulate a general right of the owner to complete portions of the work *himself* or *to* contract portions of it to entities other than Devito.

Even acknowledging the general right of an owner to complete a project in the event of contractor default, we are not led to Tucker's desired reading of the limitation provision. To the extent that other entities were hired to complete work that was originally contracted to Devito, they were governed by their own agreements or contracts with Patel. They did not become parties to the contract between Devito and Patel.

With respect to the limitation provision, the two material issues of fact are undisputed. Devito withdrew its workers from the project on September 26, 1997, and Tucker did not file its action until more than a year after that date. The court correctly determined as a matter of law that Tucker's suit against Ulico was time-barred. Hence, the grant of summary judgment to Ulico and the denial of summary judgment to Tucker were proper.

*Judgment affirmed. Johnson, C. J., and Mikell, J., concur.*

DECIDED JUNE 20, 2000 —
RECONSIDERATION DENIED JULY 25, 2000

*Rachelson & White, Ira L. Rachelson, John T. Lueder*, for appellant.

*Porter & Barrett, Brenda K. Orrison*, for appellees.