A02A0619. VAUGHN, COLTRANE & ASSOCIATES et al. v. VAN HORN CONSTRUCTION, INC.
(563 SE2d 548)

ELLINGTON, Judge.

This appeal is from the grant of the appellee's motion for summary judgment on the appellants' claim for indemnification in a wrongful death suit. Because the trial court misconstrued the controlling contract, we reverse.

Summary judgment is appropriate under OCGA § 9-11-56 "when there is no genuine issue of material fact and the movant is entitled

---

[20] *Typo-Repro Svcs.*, supra at 579-580; OCGA § 13-6-13.
[21] See *Boddy Enterprises*, supra at 553.
[22] See id.

to judgment as a matter of law." (Punctuation omitted.) *Dover v. Mathis*, 249 Ga. App. 753 (549 SE2d 541) (2001). We apply a de novo standard of appellate review and "view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." (Footnote omitted.) Id. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

In 1996, Keystone Food Corporation, as owner, hired Van Horn Construction, Inc., as contractor, to build a poultry plant in Camilla. Reginald Jackson, an employee of Van Horn, was electrocuted on the work site; his parents filed a wrongful death action against several entities, including two alleged consultants of Keystone: KCV Construction Services, Inc. and Vaughn, Coltrane & Associates ("VCA"). KCV and VCA filed a third-party complaint seeking indemnification from Van Horn on the basis that, in Van Horn's written contract with Keystone, Van Horn undertook to indemnify Keystone's consultants and agents.[1] The trial court concluded, however, that KCV and VCA were not third-party beneficiaries of the contract which created Van Horn's indemnity obligation, citing *Walls, Inc. v. Atlantic Realty Co.*, 186 Ga. App. 389 (367 SE2d 278) (1988), and granted Van Horn's motion for summary judgment.

KCV and VCA acknowledge that because they were not parties to the contract they seek to enforce they must prove they were third-party beneficiaries of that contract. In order for a nonparty to have standing to enforce a contract as a third-party beneficiary under OCGA § 9-2-20 (b), it must clearly appear that one party to the contract promised another party to the contract to render some performance to the nonparty to the contract. *Starrett v. Commercial Bank*, 226 Ga. App. 598, 599 (1) (486 SE2d 923) (1997). Further, it must appear that both parties to the contract intended that the contract benefit the nonparty. *Walls, Inc. v. Atlantic Realty Co.*, 186 Ga. App. at 392 (1).

In the case the trial court identified as controlling here, *Walls, Inc. v. Atlantic Realty Co.*, supra, a site owner filed a third-party complaint seeking indemnification from a subcontractor, the decedent's employer. 186 Ga. App. at 389 (1). The subcontractor's agreement with the contractor contained (by incorporation) the subcontractor's promise to indemnify the owner. Id. at 390-391 (1). The contract also included the following provision: "[the contractor and the subcontractor] agree . . . this subcontract is *solely* for the benefit of the signato-

---

ries hereto." (Punctuation omitted.) Id. at 392 (1). We held "[t]he intent of the parties to this particular subcontract was to the effect that *no* others benefit from it[,] and this intent could scarcely have been more clearly expressed." Id. Because the owner was not a signatory to the subcontract, and because the contract excluded any others from benefitting, the subcontractor was entitled to summary judgment. Id.

In this case, Paragraph 7.2 of the agreement between Keystone and Van Horn, in a section entitled "Agreement Documents," provided: "The agreement documents shall not be construed to create a contractual relationship between the owner, sub-contractors, sub-sub-contractors or any other persons or entities other than the owner and the contractor." By holding that *Walls, Inc. v. Atlantic Realty Co.*, supra, demanded summary judgment in favor of Van Horn, the trial court implicitly found that Paragraph 7.2 had the same effect as the solely-for-the-benefit-of-the-signatories provision in *Walls, Inc. v. Atlantic Realty Co.*, that is, that there could be no third-party beneficiaries to any part of the contract. We reject this analysis.

First, by its plain terms, Paragraph 7.2 in the agreement in this case prevented subcontractors and other nonsignatories from relying on the contract to pursue contractual remedies against the *owner* (Keystone), as is commonly provided in construction contracts. See *Tucker Materials (Ga.) v. Devito Contracting &c.*, 245 Ga. App. 309, 311 (535 SE2d 858) (2000) (similar provision).[2] Paragraph 7.2 in no way limited the *contractor's* (Van Horn's) promise in the more specific indemnity provision in Paragraph 9.12 to indemnify Keystone and its consultants and agents from claims arising from the project. If the parties intended that *no* others benefit from the construction contract, that intent could have been expressed in such unmistakable language as that seen in *Walls, Inc. v. Atlantic Realty Co.*, supra.

Furthermore, "a contract must be interpreted to give the greatest effect possible to all provisions rather than to leave any part of the contract unreasonable or having no effect. And, one of the most fundamental principles of construction is that a court should, if possible, construe a contract so as not to render any of its provisions meaningless." (Citations and footnote omitted.) *Sofran Peachtree City v. Peachtree City Holdings*, 250 Ga. App. 46, 50 (550 SE2d 429)

---

[2] See also Sink & Petersen, The A201 Deskbook (1998) (American Institute of Architects (AIA) Contract A201-1997 (construction contract between owner and contractor), Paragraph 1.1.2 (definition of the contract): "The Contract Documents shall not be construed to create a contractual relationship of any kind . . . between the Owner and a Subcontractor or Sub-subcontractor."); Acret, Construction Industry Formbook (2nd ed. 1990) (Associated General Contractors (AGC) Standard Form No. 415 (design-build agreement between owner and contractor), Paragraph 4.3 (subcontracts): "No contractual relationship shall exist between the Owner and any Subcontractor.").

(2001). The intention of the parties to a contract is ascertained "from the entire contract, considering each provision in connection with the others, and not giving the contract a construction which entirely neutralizes one provision if it is susceptible of another which gives effect to all of its provisions." (Citation and punctuation omitted.) *Alimenta Processing Corp. v. South Ga. Pecan Co.*, 185 Ga. App. 330, 332 (364 SE2d 84) (1987). See OCGA § 13-2-2 (4) ("The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part.").

Because Van Horn promised in Paragraph 9.12 to render some performance (indemnity) to certain nonparties to the contract (Keystone's consultants and agents), the contract clearly created a class of third-party beneficiaries. *Starrett v. Commercial Bank*, 226 Ga. App. at 599 (1). The trial court's construction of the contract as providing that no one other than the signatories (Keystone and Van Horn) could benefit from the contract neutralized Paragraph 9.12. See *Sofran Peachtree City v. Peachtree City Holdings*, 250 Ga. App. at 50. Because the trial court erred in so construing the contract, we reverse the grant of summary judgment in favor of Van Horn.[3]

*Judgment reversed. Smith, P. J., and Eldridge, J., concur.*

DECIDED APRIL 1, 2002.

*Cobb, Grabbe, Spillers & Irwin, R. Chris Irwin*, for appellants.
*Mozley, Finlayson & Loggins, Sewell K. Loggins, Jennifer E. Theobold*, for appellee.

---

[3] We do not decide that KCV and VCA were *in fact* Keystone's consultants or agents within the terms of Paragraph 9.12, and therefore third-party beneficiaries – only that Van Horn is not entitled to judgment as a matter of law based on the trial court's erroneous construction of the contract and the holding in *Walls, Inc. v. Atlantic Realty Co.*, supra. We cannot determine on the existing record whether Van Horn is entitled to summary judgment on some other basis.