### A04A0440. COKER v. COKER.
(595 SE2d 556)

ELDRIDGE, Judge.

This is a declaratory judgment action. The case centers around Randy Coker's ("defendant") and his former wife, Connie Coker's ("plaintiff"), conflicting interpretations of a "Right of First Refusal" (the "Contract") to purchase 72 acres of real estate on Lake Francis, which was entered into by the parties as part of a settlement agreement relating to their divorce. Using established principles of contract construction and looking only within the four corners of the Contract, the Superior Court of Walker County resolved what it determined to be a conflict in the Contract's terms. Defendant appeals from this resolution, claiming the language of the Contract was neither conflicting nor ambiguous, and the trial court erred by

---

failing to enforce the intent of the parties as reflected in the plain meaning of the Contract's terms. We find no error in the judgment of the court below and affirm.

"The construction of a contract is a question of law for the court, and we apply a de novo standard of review on appeal."[1] In so doing, it is apparent from the face of the Contract that there is a contradiction in the terms that are subject to interpretation. Specifically, Paragraph 1.1 of the Contract states in pertinent part that plaintiff,

> shall not sell and convey *all or any portion of the property* to any party other than [defendant] . . . unless

plaintiff complies with subparagraphs A, B, and C of Paragraph 1.1. Subparagraph A states that, before plaintiff may sell all or any portion of the property, she must obtain:

> a duly executed valid and binding offer in writing from a prospective purchaser other than [defendant] to purchase *all* of the property (hereinafter referred to as the "Third Party Offer").

Then, subparagraph B states that, before accepting any Third Party Offer, plaintiff must have:

> offered (hereinafter referred to as the "Refusal Offer") to sell *the Property (or such portion thereof)* to [defendant] in writing upon the same terms and conditions of the Refusal Offer [(Third Party Offer)].[2]

Thereafter, Paragraph 12.2 states that,

> Except as to original offer, the failure of the [defendant] to exercise a Right of First Refusal on *any part of the Property* shall not be a waiver of the right to exercise a Right of First Refusal on any subsequent offer to buy *the remaining part or parts of the property*.

The contradiction exists in that subparagraph A proposes a Third Party Offer for "all" of the property only, while the remaining cited

---

[1] (Citations omitted.) *Saturna v. Bickley Constr. Co.*, 252 Ga. App. 140 (555 SE2d 825) (2001).

[2] That the Refusal Offer should be "upon the same terms and conditions of the Refusal Offer" is a redundancy and an obvious drafting error. Clearly, the parties intended that the Refusal Offer would be "upon the same terms and conditions" as the Third Party Offer in subparagraph A. The manifest intention of the parties controls over such scrivener's error and will be given effect. *Benedict v. Snead*, 271 Ga. 585, 586 (519 SE2d 905) (1999).

provisions authorize a Third Party Offer for less than all of the property.

The trial court resolved the conflict by using several rules of contract construction. First, in the event of contradictory terms, "the first provision prevails,"[3] which in this case would be Paragraph 1.1's provision regarding conveyance of "all or any portion of the property." Also, ambiguities in writings are to be construed most strongly against the drafter for whose benefit the **writing was prepared,**[4] **which in** this case is the defendant. Additionally, viewing the Contract as a whole, more consideration is given to the clause contributing most essentially to the Contract, and a subsidiary provision, like subparagraph A, should not be interpreted so as to conflict with what appears to be the "dominant purpose" of the Contract.[5]

Utilizing these rules of construction, we agree with the trial court that the Contract contemplates the receipt of Third Party Offers for all or part of the 72-acre property. We find no support for the defendant's argument that subparagraph A of the Contract requires plaintiff to first secure a Third Party Offer for all of the property *before* she can entertain any Third Party Offer for a portion thereof. Indeed, taken literally, defendant's argument makes little sense: if plaintiff is required to secure a Third Party Offer to purchase "all" of the property, any subsequent ability to sell portions thereof would be moot. Instead, the subparagraph B "Refusal Offer" that plaintiff must make to defendant specifically states that such Refusal Offer may be for "the property or such portion thereof," *whichever* is the subject of the Third Party Offer referenced in the preceding subparagraph A, and under the same terms and conditions as that Third Party Offer.

We also reject defendant's interpretation of Paragraph 12.2 relating to waiver. We do not read the terms "Except as to original offer" as referencing an "original" Third Party Offer for "all" of the property under subparagraph A. Instead, the disputed language refers to an offer that originates, i.e., commences, the defendant's rights under the Contract and differentiates such offer from subsequent offers. Thus, while the defendant may waive his right of first refusal as to an originating offer for one part of the property, the waiver of such original offer does not affect his right of first refusal as to subsequent offers for the remaining parts of the property.

In sum, it appears clear that the intent of the parties and the "dominant purpose" of the Contract are to give the defendant the

---

[3] *Wilner's, Inc. v. Fine*, 153 Ga. App. 591, 594 (3) (266 SE2d 278) (1980).

[4] Id.; OCGA § 13-2-2 (5).

[5] *Joseph Camacho Assoc. v. Millard*, 169 Ga. App. 937, 938 (1) (a) (315 SE2d 478) (1984). See 3 Corbin on Contracts 173-176, § 547.

opportunity to purchase all or any portion of the 72-acre Lake Francis property before plaintiff can sell it to another. The trial court did not err in utilizing well-established rules of contract construction to effectuate the parties' intent.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 19, 2004.

*Minor, Bell & Neal, Robert G. McCurry*, for appellant.

*McCamy, Phillips, Tuggle & Fordham, Charles L. Daniel III*, for appellee.