### A04A2111. WHITE v. KAMINSKY.
(610 SE2d 542)

BLACKBURN, Presiding Judge.

In this case involving the construction of restrictive covenants in a contract, Dewey C. White appeals, arguing that the trial court erred in granting summary judgment to Nathan H. Popky d/b/a Pop's Wine & Spirits Company, LLC, and Allen D. Kaminsky (the "Appellees")

---

because (1) the contract provision at issue is not ambiguous, and (2) even if there were an ambiguity, the trial court should have applied rules of contract construction to resolve the ambiguity. We agree that the trial court failed to properly apply the rules of contract construction to resolve the ambiguity, and reverse.

> Summary judgment is appropriate under OCGA § 9-11-56 when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We apply a de novo standard of appellate review and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation and punctuation omitted.) *Vaughn, Coltrane & Assoc. v. Van Horn Constr.*[1]

White developed a business park called the Paddocks in Forsyth County. Appellee Kaminsky owns property in the Paddocks upon which co-Appellee Popky owns and operates Pop's Wine & Spirits.

The Paddocks is subject to a Declaration of Covenants, Conditions, Restrictions and Easements (the "Covenants"). The Covenants establish and provide for an Architectural Review Committee (the "Committee"), which has sole authority to approve and regulate the design and construction of all improvements within the Paddocks. Under the Covenants, no sign may be erected in the Paddocks without the approval of the Committee.

In November 2002, Appellees, without securing approval from the Committee, began construction of outdoor signs on their property. In December 2002, White noticed the construction of the signs and informed the Appellees that they would have to stop construction of the signs until they were approved by the Committee. Section 2.04 of the Covenants, the provision at issue in this case, provides that:

> if the Committee fails either to approve or to disapprove an Owner's plans and specifications within thirty (30) days after such plans and specifications have been submitted to it (provided that all required information has been submitted), it shall be conclusively presumed that said plans and specifications have been approved, subject, however, to the conditions, covenants, restrictions and reservations contained elsewhere in this Declaration. The Committee shall notify the Owner in writing upon receipt of all required plans,

---

[1] *Vaughn, Coltrane & Assoc. v. Van Horn Constr.*, 254 Ga. App. 693-694 (563 SE2d 548) (2002).

specifications and other information and the thirty (30) day period shall commence on the date of such notification.

The Appellees submitted their plans for the signs on April 4, 2003. On April 25, 2003, the Committee acknowledged the receipt and completeness of the April 4 submission. On May 24, 2003, the Committee denied the Appellees' request for the signs and threatened to remove the signs if the Appellees did not do so within 30 days.

In the ensuing litigation, the Appellees contended that the two sentences of Section 2.04 are in conflict, with the first sentence setting the deadline for the Committee's decision on plan submissions as being 30 days after submission of plans, and the other sentence setting the deadline as being 30 days after the Committee notifies the owner that the plans have been received and are complete. Appellees argued that because of the ambiguity, the contract provision must be construed against White, the drafter of the provision. The trial court agreed and granted the Appellees' motion for summary judgment. On appeal, White argues that the terms of the contract are clear and unambiguous, and that, even if there were an ambiguity in Section 2.04, the court should have resolved the ambiguity by applying rules of contract construction.

In Georgia,

the construction of contracts involves three steps. At least initially, construction is a matter of law for the court. First, the trial court must decide whether the language is clear and unambiguous. If it is, the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning. Next, if the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity. Finally, if the ambiguity remains after applying the rules of construction, the issue of what the ambiguous language means and what the parties intended must be resolved by a jury. The existence or non-existence of an ambiguity is a question of law for the court. If the court determines that an ambiguity exists, however, a jury question does not automatically arise, but rather the court must first attempt to resolve the ambiguity by applying the rules of construction in OCGA § 13-2-2.

(Citations and punctuation omitted.) *Woody's Steaks, LLC v. Pastoria.*[2]

---

[2] *Woody's Steaks, LLC v. Pastoria*, 261 Ga. App. 815, 817 (1) (584 SE2d 41) (2003).

On its face, Section 2.04 appears to be ambiguous as to when the 30-day deadline begins to run on a decision by the Committee on owner plan submissions. The first sentence at issue states that "if the Committee fails either to approve or to disapprove an Owner's plans and specifications within thirty (30) days after such plans and specifications have been submitted to it (provided that all required information has been submitted), it shall be conclusively presumed that said plans and specifications have been approved." The next sentence states that, "[t]he Committee shall notify the Owner in writing upon receipt of all required plans, specifications and other information and the thirty (30) day period shall commence on the date of such notification." Thus, under the first sentence, the 30-day period begins to run immediately upon the Committee's receipt of the plans; under the second sentence, the 30-day period does not begin to run until the Committee has had a chance to determine whether the plans are complete and has notified the owner that they are complete. Faced with this apparent ambiguity, it was the duty of the trial court to first attempt to resolve it by applying the rule of construction provided in OCGA § 13-2-2 (4).

Under OCGA § 13-2-2 (4), "[t]he construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." That is,

> a contract must be interpreted to give the greatest effect possible to all provisions rather than to leave any part of the contract unreasonable or having no effect. And, one of the most fundamental principles of construction is that a court should, if possible, construe a contract so as not to render any of its provisions meaningless. The intention of the parties to a contract is ascertained from the entire contract, considering each provision in connection with the others, and not giving the contract a construction which entirely neutralizes one provision if it is susceptible of another which gives effect to all of its provisions.

(Citation and punctuation omitted.) *Vaughn, Coltrane & Assoc.*, supra at 695-696.

Applying these rules and reading the two consecutive sentences of Section 2.04 together so as to give effect to both parts and harmonize each with the other, it is clear that the 30-day default period would begin to run only after an owner made a complete submission of plans and specifications *and* the completeness of the submission was acknowledged in writing. This would give the Committee a chance to review the plans and determine their completeness, and to notify an owner of the same, before the 30-day period commences. To

read the Section otherwise would be to render the second sentence, which specifies when the 30-day period commences, meaningless. Because the trial court erred in failing to apply these rules so as to resolve the ambiguity, we reverse the grant of summary judgment to the Appellees.

*Judgment reversed. Barnes and Mikell, JJ., concur.*

DECIDED DECEMBER 14, 2004 —
RECONSIDERATION DENIED FEBRUARY 21, 2005.

*Larry A. Ballew*, for appellant.
*Holland & Knight, Gregory J. Digel, Fred R. Slotkin, Jr., Laurie W. Daniel, Weinstock & Scavo, Louis R. Cohan*, for appellee.