## A05A0655. BLACK ISLAND HOMEOWNERS ASSOCIATION, INC. v. MARRA et al.

### (617 SE2d 148)

RUFFIN, Chief Judge.

George Marra and Jay Woolsey, property owners on Black Island, Georgia ("the owners"), brought an action pursuant to Black Island's restrictive covenants to enjoin the Black Island Homeowners Association, Inc. ("the Association") from mowing the undeveloped areas of Black Island.[1] The Superior Court of McIntosh County permanently enjoined the Association from mowing the undeveloped areas. The Association appeals, arguing that the trial court erred (1) in determining that mowing the undeveloped areas violated the covenants; and (2) in failing to grant a jury trial. We disagree, and affirm.

The original developers of Black Island recorded restrictive covenants, which apply to the entire island. The island includes both residential lots, owned by individuals, and undeveloped areas, owned by the Association. Article IX of the covenants, captioned "UNDE-VELOPED AREAS," provides that

[t]he Black Island Association hereby covenants that it has set aside certain areas on Black Island which shall remain pristine and undeveloped. . . . The word "undeveloped" as used throughout this Declaration shall be taken to mean that any area so designated shall remain totally in its native state, with the exception of the establishment within said undeveloped areas of hiking, bridle and bicycle trails. . . . [N]o use of said undeveloped areas shall affect the preservation of said undeveloped areas in their natural state.

Article V of the covenants, which governs nuisances, provides that the Association reserves the right to remove "tall grass, undergrowth, weeds, deadfall and rubbish" from vacant residential lots, but only extends "[t]he right . . . to remove deadfall and rubbish" to the undeveloped areas of Black Island. Nonetheless, the undeveloped areas have been periodically mowed by the Association to cut the grass and underbrush to six or eight inches. The owners sought to enjoin the mowing as violative of Article IX of the covenants. The trial court agreed and issued a permanent injunction, prohibiting "mowing or altering undeveloped areas, except as provided in the restrictive covenants."

---

[1] This is the second appeal of this case. In *Black Island Homeowners Assn. v. Marra*, 263 Ga. App. 559, 562-563 (2) (588 SE2d 250) (2003), we remanded for determination by the trial court the issue of whether the mowing violated the restrictive covenants. The present appeal resulted from the trial court's determination.

1. The Association argues that the trial court erred in finding that mowing violated the covenants, because it looked only to the language of the covenants and did not consider extrinsic evidence of the parties' intentions, including the fact that the undeveloped areas had always been mowed. Interpretation of a contract, such as the one containing the restrictive covenants, is a three-step process:[2]

> [I]nitially, construction is a matter of law for the court. First, the trial court must decide whether the language is clear and unambiguous. If [so], the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning. Next, if the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity. Finally, if the ambiguity remains after applying the rules of construction, the issue of what the ambiguous language means and what the parties intended must be resolved by a jury [or other factfinder].[3]

The trial court determined as a matter of law that the language of the restrictive covenants was clear and unambiguous, and would be enforced accordingly. We apply an abuse of discretion standard in reviewing a trial court's grant of a permanent injunction, "unless the question decided by the trial court is one of law."[4] Where the issue decided is one of law, not fact, then the plain legal error standard of review applies.[5]

The trial court did not err in determining as a matter of law that the language of the covenants prohibited mowing of the undeveloped areas. The language of the covenants is clear that the undeveloped areas are to remain in their "native state" and "natural state." The only exceptions permitted are the construction of specified trails and the removal of deadfall and rubbish. Because the language of the covenants is unambiguous, the trial court was not authorized to consider any extrinsic evidence of what the parties to the contract may have intended the language to mean.[6] Accordingly, we affirm the trial court's judgment enjoining the Association from mowing.[7]

2. The Association also contends that the trial court should have granted its request for a jury trial. As discussed in Division 1, no factual issue exists for determination by a jury if the contract

---

[2] See *White v. Kaminsky*, 271 Ga. App. 719, 721 (610 SE2d 542) (2005).

[3] Id.

[4] *Gibson v. Huffman*, 246 Ga. App. 218 (540 SE2d 222) (2000).

[5] See *Page v. Braddy*, 255 Ga. App. 124, 126 (564 SE2d 538) (2002).

[6] See *Eichelkraut v. Camp*, 236 Ga. App. 721, 724 (1) (513 SE2d 267) (1999).

[7] See *Gibson*, supra at 219-220 (1).

language at issue is unambiguous.[8] Because the trial court correctly determined that the contract language was clear and unambiguous, it did not err in refusing to grant a jury trial.[9]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JUNE 23, 2005 —
RECONSIDERATION DENIED JULY 11, 2005 — ▮▮▮▮▮

*Randall M. Clark*, for appellant.
*James P. Fields*, for appellees.

---

[8] See *CM3, Inc. v. Associated Realty Investors/Prado*, 201 Ga. App. 428, 429 (3) (411 SE2d 320) (1991).

[9] See *A & D Asphalt Co. v. Carroll & Carroll of Macon*, 238 Ga. App. 829, 832 (3) (520 SE2d 499) (1999).