## A09A0313. IMMEL v. IMMEL.
### (680 SE2d 505)

MILLER, Chief Judge.

Kerri Immel ("the Mother") appeals from the trial court's Final Order in a declaratory judgment action filed by Ralph Immel ("the Father") concerning the interpretation of holiday and weekend visitation provisions in the parties' Final Consent Order ("Consent Order"). The Mother argues that the trial court erred in interpreting the unambiguous language of the Consent Order to conclude that the Father was entitled to an extension of all holidays into a weekend preceding or following such holiday. Given that the trial court failed to apply the unambiguous language of the Consent Order, we agree and reverse.

"The construction of a contract is a question of law for the court, and we apply a de novo standard of review on appeal." (Citation and

---

punctuation omitted.) *Coker v. Coker*, 265 Ga. App. 720, 721 (595 SE2d 556) (2004).

The parties were previously married, and they had one minor child from the marriage, with the Mother having sole legal custody of the child subject to the Father's reasonable visitation rights. Thereafter, they entered into a Consent Order, which modified the visitation provisions of a previous settlement agreement, and set forth new provisions for holiday and standard weekend visitation.

Paragraph 3 (d) of the Consent Order addresses holiday visitation, Martin Luther King Day, Easter, Memorial Day, Labor Day and Thanksgiving Day. This provision expresses the parties' intent "to alternate years for holiday visitations with the child" such that the Father "shall have the child from the evening before the holiday until 6:00 p.m. of the day following the holiday." This section goes on to provide that in even-numbered years, the Father has visitation with the child for Martin Luther King Day, Memorial Day and Labor Day. In odd-numbered years, the Father has visitation with the child for Easter and Thanksgiving Day.

Paragraph 3 (g) of the Consent Order solely deals with standard monthly visitation and provides:

> *The Father shall have the right of visitation with the child one time a month* from Saturday at 8 AM to Sunday at 6 PM. In the event that the minor child shall travel out of state for said visitation, the visitation period shall begin on Friday in accordance with section 8 (f). Father shall provide at least thirty (30) days' written notice of which weekend he wishes to visit for the upcoming month. Mother shall respond, in writing, whether that weekend is acceptable or provide an alternate weekend within five (5) days of receipt of said notice. *Father's visitation in section (b)-(f) above shall be considered to fulfill this monthly visitation requirement.*

(Emphasis supplied.)

On April 4, 2008, the Father filed a Petition for Declaratory Relief or for Modification of Visitation ("Petition"), alleging that he requested visitation with the child on Memorial Day weekend 2008 and that the Mother objected to such request. The Father sought an order from the trial court declaring that he was entitled to Memorial Day weekend as his visitation, and that he was entitled to combine any and all one (1) day holiday visitations with his regular monthly weekend visitation. In her Response to the Petition, the Mother stated that she did not object to the Father's exercise of visitation for Memorial Day beginning the evening before the holiday (Sunday, May 25, 2008) until 6:00 p.m. the day following the holiday (Tuesday,

May 27, 2008); however, she denied that the Father was entitled to additional visitation for the month of May 2008, based on the clear language of Paragraph 3 (g) given emphasis above.

On July 16, 2008, after a hearing, the trial court entered a Final Order on Declaratory Relief ("Final Order"), finding that there is "no specific limitation on the length of time for [the Father's] monthly visitation, and no specific prohibition against [the Father] incorporating his holiday visitation into a long holiday weekend." In granting the Father's Petition, the trial court declared that

> for each future holiday on which the Father is entitled to visitation, and which is immediately before or immediately after a weekend, that the [Father] may incorporate this holiday into his weekend visitation provided by the Consent Order between the parties, which shall constitute his one visitation per month.

At the hearing, the Mother's counsel questioned the trial court's belief that Paragraph 3 (g) was ambiguous, to which the trial court responded that it was not "a matter of that language being ambiguous. . . . There is nothing in the agreement that says that he has to pick a weekend or a holiday." Mother's counsel replied, "It says the pick is made. It says if you have a holiday, that fulfills the monthly. That is the last sentence of Subsection 3 (g), any other interpretation adding to that [is] in violation of OCGA § 13-2-2."

The Mother argues that the trial court erred in interpreting the unambiguous language of the Consent Order, which clearly provides that holiday visitation, when exercised, negates her obligation to accommodate standard weekend visitation. We agree.

> In Georgia, the construction of contracts involves three steps. At least initially, construction is a matter of law for the court. First, the trial court must decide whether the language is clear and unambiguous. If it is, the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning.

(Citations, punctuation and footnote omitted.) *White v. Kaminsky*, 271 Ga. App. 719, 721 (610 SE2d 542) (2004). Under OCGA § 13-2-2 (4), "[t]he construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." (Punctuation omitted.) Id. at 722. That is,

> a contract must be interpreted to give the greatest effect possible to all provisions rather than to leave any part of the

contract unreasonable or having no effect. And, one of the most fundamental principles of construction is that a court should, if possible, construe a contract so as not to render any of its provisions meaningless.

(Citations and punctuation omitted.) Id. "Whenever the language of a contract is plain, unambiguous, and capable of only one reasonable interpretation, no construction is required or even permissible, and the contractual language used by the parties must be afforded its literal meaning." (Citation and punctuation omitted.) *Urban Svcs. Group v. The Royal Group*, 295 Ga. App. 350, 352 (1) (b) (671 SE2d 838) (2008).

Here, the express purpose of the standard weekend visitation provision as set forth in Paragraph 3 (g), is to allow the Father's holiday visitation to fulfill his monthly visitation. In those months in which the Father has no holiday visitation with the child, for example, in July 2009, Paragraph 3 (g) clearly provides that he shall give the Mother "at least thirty (30) days' written notice of which weekend he wishes to visit for the upcoming month." No provision of the Consent Order allows a merger of holiday visitation with standard weekend visitation.

We take judicial notice of the fact that in 2008, Memorial Day fell on Monday, May 26, 2008. As such, the period of visitation for the Memorial Day holiday in 2008, which is now moot, would have been from the evening before the holiday, Sunday, May 25, 2008, until 6:00 p.m. the day following the holiday, Tuesday, May 27, 2008. Since the trial court did not find that any of the visitation provisions were ambiguous, it was required to enforce the Consent Order by its plain terms. *Urban Svcs.*, supra, 295 Ga. App. at 352 (1) (b); OCGA § 13-2-2 (4). The Final Order, however, negates the parties' intent to limit the Memorial Day holiday visitation to the period indicated above inasmuch as it extends the visitation period such that it begins on Friday, May 23, 2008, rather than the day before the holiday. Since Paragraph 3 (g) of the Consent Order contains specific, unambiguous language governing how holiday visitation is to be exercised, that language controls whenever the Father elects to take advantage of holiday visitation instead of weekend visitation. Accordingly, the trial court erred in expanding the visitation beyond the literal meaning of the Consent Order and concluding that the Father "was entitled to incorporate any and all one (1) day holidays into his regular monthly weekend visitation." See id. at 352 (1) (b).

In light of the foregoing, we reverse the trial court's order on declaratory relief in favor of the Father.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 17, 2009.

*Meriwether & Tharp, Robert L. Tharp*, for appellant.
Ralph M. Immel, *pro se.*