RENDELL, Circuit Judge,
concurring.
It is unclear to me whether the third party beneficiary question should be the basis for the District Court’s dismissal of the case. Clearly, the Majority believes that it should not. We need not resolve this issue, however, because I agree with the Majority that CAUA’s claims for negligence should proceed. Whether or not the third party beneficiary question controls, the result is the same: the dismissal was not appropriate. I write separately to explain why this is so if the third party beneficiary principles do apply.
Pennsylvania has adopted the Restatement (Second) of Contracts test for determining whether a party is an intended third party beneficiary. See Guy v. Liederbach, 501 Pa. 47, 459 A.2d 744, 751 (1983). According to that test, a party is an intended third party beneficiary when “recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties” and, in relevant part, the circumstances “indicate that the promisee intends to give the beneficiary the benefit of the promised performance.” Rest. (2d) of Contracts § 302(a). If the parties’ intent to benefit a third party is not express in the contract, there must be “circumstances that are so compelling” before we recognize a third party beneficiary as an intended one. Scarpitti v. Weborg, 530 Pa. 366, 609 A.2d 147, 150 (1992).
There is insufficient evidence, in the terms of the contract and in the circumstances surrounding its making, demonstrating that Waverly Woods and Rhodes intended to benefit Park View. The only *551 evidence in the contract itself that might suggest an intent to benefit Park View is Article 2, captioned “The Work of this Contract.” Article 2 describes the scope of work of the contract as “Construction of ninety-one (91) townhouse condominium units including all related site work for the project known as Parkview @ Waverly— Phase 7.” (App. 65a.) The District Court reasoned that, because the parties were building condominiums, they therefore intended that a condominium association be formed. Accordingly, the parties must have intended to benefit Park View. While the District Court’s inferences in this regard are logical, they are not evidence of intent. Instead, we must look to the terms of the contract and the circumstances surrounding its making to determine whether the parties evidence an intent to benefit a third party.
In Lake Placid Club Attached Lodges v. Elizabethtown Builders, Inc., 131 A.D.2d 159, 521 N.Y.S.2d 165, 166 (N.Y.App.Div.1987), the plaintiff, an unincorporated joint venture comprised of owners of residential condominium units, sued the builder of the condominium for breach of the contract between the developer and the builder. Applying the test set forth in § 302 of the Restatement, the court held that the joint venture was not an intended beneficiary of the contract between the developer and builder because there was no evidence from the “contractual language or other circumstances manifesting a mutual intent of the contracting parties to confer rights to performance on the ultimate owners of the units.” Id. The court continued, “indeed, there is nothing whatsoever in the record to suggest that the developer had in mind anything but the normal business motive to obtain a construction project of sufficient quality for ready marketability of the condominium units to potential customers.” Id. I believe that the same is true here.
Indeed, the contract actually evidences an intent not to benefit Park View. The contract states that “The Contract Documents shall not be construed to create a contractual relationship of any kind (1) between the Architect and Contractor, (2) between the Owner and a Subcontractor or Sub-subcontractor or (3) between any persons or entities other than the Owner and Contractor.” (App. 78a.) The District Court rejected CAUA’s argument regarding this provision based on Vaughn, Coltrane & Associates v. Van Horn Construction, Inc., 254 Ga.App. 693, 563 S.E.2d 548 (2002), which held that, notwithstanding a similar provision disclaiming the creation of any contractual relationships, the contracting parties may still intend to benefit a third party. Vaughn is distinguishable, however, because there, the consultants seeking third party beneficiary recognition relied on language elsewhere in the contract which explicitly provided a right of indemnification to the consultants. See id. at 550. Here, there is no other language in the contract upon which the Park View could rely to claim third party beneficiary status.
More importantly, we have held that a “no contractual relationship” clause is evidence of the contracting parties’ intent not to create any third party beneficiaries. In Pierce Associates, Inc. v. Nemours Foundation, 865 F.2d 530, 537 (3d Cir.1988), we reasoned that a nearly-identical disclaimer “is a strong indication of an intent” not to benefit a third party. In holding that the plaintiff was not an intended third party beneficiary of the subcontract, we emphasized that in construction contracts, “the owner is the one who ultimately benefits from its performance. However, this does not create a third party beneficiary relationship.” Id.; see also Dick Anderson Constr., Inc. v. Monroe Constr. Co., 353 Mont. 534, 221 P.3d 675, 686 (2009) (viewing a similar disclaimer as “precluding] *552 anyone ... from claiming third-party beneficiary status under the contract.”); Yaffe v. Scarlett Place Residential Condo., Inc., 205 Md.App. 429, 45 A.3d 844 (2012) (viewing “no contractual relationship” disclaimer as evidence that contracting parties did not intend to confer third party beneficiary status on condominium unit owner who sought to enforce contract between condominium developer and contractor).
Moreover, the District Court erred in considering the Declaration of Condominium filed by Waverly Woods pursuant to 68 Pa.C.S. § 3201 as evidence of the parties’ intent to benefit Park View. Whether parties intend to benefit a third person must be “within the contemplation of the promisor and the promisee at the time of contracting.” Scarpitti, 609 A.2d at 151 (emphasis added). The Declaration of Condominium was executed over a year after Rhodes and Waverly Woods entered into the contract, and is evidence only of Waverly Woods’ intent.
In sum, the lack of evidence showing an intent to benefit Park View, coupled with the “no contractual relationship” disclaimer, compels our conclusion that Park View is not an intended third party beneficiary to the contract. Therefore, the waiver of subrogation does not apply to CAUA’s claims. Accordingly, I agree that we should vacate the judgment of the District Court.