34258. FLEMING v. CITIZENS & SOUTHERN NATIONAL BANK et al.
34259. NICHOLSON et al. v. CITIZENS & SOUTHERN NATIONAL BANK et al.
34260. CITIZENS & SOUTHERN NATIONAL BANK v. NICHOLSON et al.

MARSHALL, Justice.

The Citizens & Southern National Bank (the bank) was the holder of five promissory notes, which were all either made or guaranteed by Mr. Nicholson or Mr. Best or both. The Internal Revenue Service (IRS) made an

assessment for unpaid wagering excise taxes against Best, a customer of the bank, on May 2, 1973. At noon on May 3, 1973, when the checking accounts of Best had a credit balance in excess of $57,000, officers of the bank determined that the bank was "insecure" with respect to indebtedness of Best to the bank in excess of $60,000, and determined to take all reasonable steps to protect the bank. At 3:05 p.m., May 3, 1973, an agent of the IRS served a notice of levy directing the bank to surrender to the government the balance in the Best accounts. On May 4, 1973, the bank marked the notes "paid" and returned them to Best with a letter explaining that the bank had exercised its right of setoff pursuant to provisions of the several promissory notes and signature cards, and that the notes had been paid in full. On May 8, 1973, the bank actually made the transfer entries, charging the Best accounts and crediting the Best notes.

In subsequent litigation between the United States Government and the bank, the U. S. Court of Appeals, Fifth Circuit, held that under Georgia law, the existence of the indebtedness to the bank exceeding the balance in the depositor's (Best's) account did not divest the depositor of all property and rights to property in the account; that the bank's right of setoff required some discrete act by the bank; and that, as the bank had not performed such an act until after service of notice of levy, the depositor, Best, retained property interests in the accounts subject to levy. United States v. Citizens & Southern Nat. Bank, 538 F2d 1101 (5th Cir. 1976); cert. den. 430 U. S. 945.

Thereafter, the bank filed the present action against the estates of Nicholson and Best, seeking to recover the amounts listed as principal on the five notes together with interest from the date of the purported or attempted setoff. The defendants (executors and executrix) filed the defense, inter alia, that the notes had been canceled and renounced. After certain discovery was had, all parties moved for summary judgment. The trial judge granted the plaintiff bank's motion, denied the defendants' motions, and dismissed defendant Eva Nicholson's counterclaim for damages for anguish, embarrassment and mental distress allegedly resulting from the plaintiff bank's attempt to collect on notes which had already been

marked "paid." The judgment is appealed from by the defendants, with defendant Nicholson enumerating as error the denial of her count₋ rclaim, and cross appealed from by the plaintiff bank.

*Case No. 34258*

1. The results of the decision of the Fifth Circuit Court of Appeals referred to hereinabove (538 F2d 1101) were (1) that judgment was entered in favor of the government against the bank, and (2) that, because the IRS levy preceded any "discrete" act to complete a setoff, there was no credit balance in depositor Best's accounts upon which the attempted setoff could operate. The foregoing establishes that the action by the bank to pay the obligations of the defendants' decedents by setoff was a legal nullity, of no force and effect, hence no obligation to the bank was actually or legally paid. The setoff being ineffective, the parties were left as they were, except that the bank had satisfied the U. S. Government's tax lien on decedent Best's accounts.

Accordingly, the bank had no adequate remedy at law, and equitable, not legal, principles are dispositive of this litigation. For this reason, the plaintiff's purported cancellation and renunciation of the obligations, by means provided by the *legal* principles set out in Code Ann. § 109A-3—605 (Ga. L. 1962, pp. 156, 278), did not have the effect of cancelling such obligations.

"An honest mistake of the law as to the effect of an instrument on the part of both contracting parties, when such mistake operates as a gross injustice to one, and gives an unconscionable advantage to the other, may be relieved in equity." Code § 37-204. "An action for unjust enrichment lies when money is paid on the debt of another, with his consent and approval, where the person making the payment was obligated to make the payment, and no consideration or benefit inures to his benefit, and credit for such payments inures to the benefit of the other party." *Clay v. Littlefield,* 144 Ga. App. 88, 91 (1) (240 SE2d 254) (1977) and cits. "The negligence of the complaining party, preventing relief in equity, is that want of reasonable prudence, the absence of which would be a violation of legal duty. Relief may be granted even in cases of negligence by the complainant, if it appears that

the other party has not been prejudiced thereby." Code § 37-212. Applying the above principles, the trial court properly granted equitable relief to prevent the defendants from being unjustly enriched. Since Best acquiesced in the purported setoff, it was a mutual mistake of law. No prejudice results to the defendants, because the bank has partially discharged a tax lien against the estates, which are still jointly and severally liable, resulting from decedents' status as makers and guarantors, on the obligation of the notes, which was attempted to be canceled under mutual mistake. Accordingly, summary judgment was properly denied to the defendants and granted to the plaintiff.

### Case No. 34259 (Counterclaim)

2. The counterclaim of defendant Mrs. Nicholson alleges that the bank wrote threatening letters to her and instituted this lawsuit to try to force payment of the notes, thereby causing her to suffer "anguish, embarrassment and mental distress," for which she seeks general and punitive damages.

The two allegedly threatening letters were both from the law firm representing the bank, one of which was to the defendants executrix and executors, reporting on the status of the federal court suit and requesting reimbursement. The other was formal notice to the executors of the estate of Mr. Nicholson, pursuant to Code Ann. § 113-1505, of the bank's claim for all of the debts owing by Nicholson at the time of his death. These two letters do not appear to be threatening. On the other hand, they are attempts to collect on obligations which this court has recognized in Division 1 of this opinion, supra.

Nor did the filing of the lawsuit, which we have held authorized a recovery, set forth a basis for the counterclaim. Even if the suit had not been properly brought, moreover, it was not libelous (Code § 105-711), nor does the special injury that must be sustained to maintain such a claim include such things as humiliation, being held up to public scorn and ridicule, mental anguish, worry, suffering and fear. *Greer v. State Farm Fire &c. Co.,* 139 Ga. App. 74, 78 (2b) (227 SE2d 881) (1976) and cits. Accordingly, the counterclaim was properly denied.

*Case No. 34260 (Cross appeal)*

3. In its cross appeal, the bank enumerates as error first, that, in granting its motion for summary judgment, the trial judge failed to award as a joint and several obligation of the defendants the sum of $14,000 plus accrued interest, as evidenced by a promissory note made by decedent Best and guaranteed by decedent Nicholson, which was one of the five notes forming the basis of this action.

Paragraph 1 of the court's order awards from both estates, jointly and severally, a sum representing the balance of the Columbia Road Builders' note after deducting the Columbia Road Builders' account, plus the principal and interest as of May 4, 1973, owed upon two notes, one made and one guaranteed jointly by the decedents. Paragraph 2 of the order awards from the Best estate an amount representing the difference between the joint and several obligations of the decedents and the amount in the account of Best and Company, being a portion of the balance of two notes of Best (one by him alone and the other, of which the bank complains, being guaranteed by Nicholson). Thus, it appears that the award in paragraph 2 is based upon two notes, on only one of which Nicholson was guarantor. The trial judge would not have been authorized to hold Nicholson's estate liable, even jointly, on both notes under these circumstances; therefore, he properly held it liable only for the difference between the estates' joint and several obligations and the amount in the account of the sole maker of one note, Best.

4. The court properly declined to award attorney fees and interest, since it made its findings and judgment upon equitable principles and since the plaintiff had the use of the funds from the date of the purported setoff until the date it satisfied the judgment obtained by the U. S. Government. Accordingly, the plaintiff's cross appeal is without merit.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., who is disqualified.*

ARGUED NOVEMBER 20, 1978 — DECIDED FEBRUARY 15, 1979.

*Fleming, Blanchard & Thompson, James M. Thompson,* for appellant (Case No. 34258).

*Fulcher, Hagler, Harper & Reed, John I. Harper, Hull, Towill, Norman, Barrett & Johnson, David E. Hudson,* for appellees (Case No. 34258).

*David E. Hudson,* for appellants (Case No. 34259).

*John I. Harper, James M. Thompson,* for appellees (Case No. 34259).

*John I. Harper,* for appellant (Case No. 34260).

*David E. Hudson, James M. Thompson,* for appellees (Case No. 34260).