## A01A1114. DOVER v. MATHIS.
(549 SE2d 541)

MIKELL, Judge.

Ben Dover appeals the trial court's grant of summary judgment to Sonny Mathis d/b/a State-Wide Realty & Auction ("Mathis") and its denial of Dover's summary judgment motion in this breach of contract case. For reasons stated below, we reverse the trial court's grant of summary judgment to Mathis and affirm the denial of Dover's motion for summary judgment.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the evidence shows that Dover and Mathis are licensed real estate brokers. Dover contends that Mathis agreed to pay him a one percent commission from the sale of a parcel of real estate if Dover produced a purchaser who presented the highest bid for the property. Conversely, Mathis contends that there was no such agreement. Mathis sold the property to W. B. Jones, who Dover contends is the purchaser he supplied to buy the property.

Dover filed an action against Mathis alleging breach of contract seeking to recover the remaining commission owed, which totaled

[1] (Citations omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

$11,019.53. Dover attached to his complaint what he alleged to be a balance sheet from Mathis showing that Mathis deducted fees from the proposed commission, resulting in a balance due and paid to Dover of $8. Mathis denies that he sent this balance sheet to Dover but admitted that he paid him $8. Both parties filed motions for summary judgment.

On appeal, Dover argues in two enumerations of error that the trial court erred by failing to apply appropriately the summary judgment standard. Specifically, the trial court weighed credibility and made findings of material facts in dispute. We agree.

The evidence presented on summary judgment consisted of opposing affidavits of Dover and Mathis as to whether they entered an oral agreement. In deciding that there was no agreement, the trial court appears to have found Mathis' affidavit more credible than Dover's. However, "the trial court cannot in considering summary judgment weigh the evidence or determine its credibility."[2] Instead, "[w]here there is a conflict in the evidence as to the existence of an oral contract or as to its terms, the matter must be submitted to a jury for resolution."[3] Accordingly, we reverse the grant of summary judgment to Mathis and affirm the denial of Dover's summary judgment motion.

*Judgment affirmed in part and reversed in part. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MAY 29, 2001.

*Kenneth G. Lawrence,* for appellant.
*Moore & Studstill, Daniel L. Studstill,* for appellee.

---

[2] (Citation omitted.) *State Farm Fire &c. Co. v. Martin,* 174 Ga. App. 308, 309 (329 SE2d 577) (1985).

[3] (Citations omitted.) *Spoon v. Herndon,* 167 Ga. App. 794, 795 (1) (307 SE2d 693) (1983).