## A02A0458. ADES v. WERTHER.
### (567 SE2d 340)

RUFFIN, Judge.

Norman Werther sued Gary Ades and Marketing Spectrum, Inc. ("MSI") for breach of contract. Werther subsequently dismissed MSI and proceeded against Ades, adding three fraud claims and a claim of unjust enrichment.[1] The parties filed cross-motions for partial summary judgment: Ades on Werther's fraud claims, and Werther on his claims for breach of contract and unjust enrichment. The trial court granted Werther's motion with respect to his claim of unjust enrichment and denied summary judgment on the remaining claims. On appeal, Ades challenges this order. For reasons that follow, we affirm in part and reverse in part.

"Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."[2] In reviewing the grant or denial of a motion for summary judgment, we conduct a de novo review and view the evidence in the light most favorable to the nonmovant.[3]

So viewed, the record demonstrates that Ades was the executive vice president of MSI. In 1993, Sally Irle sued MSI, Ades, and Illeene Ruben, the president of MSI. The trial court entered a consent judgment in favor of Irle, which held MSI, Ades, and Ruben (collectively "the defendants") jointly and severally liable for the sum of $120,000. To satisfy this judgment, the parties agreed that the defendants would pay Irle a lump sum of $30,000, followed by 30 monthly payments of $2,244.60. They further agreed that if the defendants failed to fulfill their obligations, "the entire amount of the Judgment shall be immediately due and payable," less any amount already paid to Irle.

In February 1996, the defendants were late in paying Irle, and she filed a garnishment affidavit. In order to lift the garnishment, the defendants were required to pay approximately $80,000 into the

---

[1] Werther also alleged a claim for litigation expenses, but that claim is not at issue on appeal.

[2] (Punctuation omitted.) *Jackson v. Ford*, 252 Ga. App. 304 (1) (555 SE2d 143) (2001).

[3] See id.

registry of the court. However, MSI lacked the funds and was unable to obtain a loan. Thus, Ades contacted Werther, a family friend, to obtain the money. According to Werther, "Ades said that he had an employee that was suing him personally, and that he needed the money as collateral." Ades also said "that he would repay this money within one month since the case would be resolved by then." In his affidavit, Werther stated: "Based on Ades' representation that he would pay back this loan within one month and that the money would never be disbursed from the bank account, I decided to loan Ades the money."

Werther wired $82,000 to MSI's bank account, $81,220.04 of which was paid into the registry of the court. The money subsequently was paid to Irle to satisfy the balance of the consent judgment owed by MSI, Ades, and Ruben.

A month after lending Ades the money, Werther began calling to inquire when he would be repaid. Werther testified that "Ades informed [him] that the case was delayed but there was nothing to worry about." A year later, Ades told Werther that the money had been used to satisfy the Irle judgment. According to Werther, Ades "apologized and assured [Werther] that he was personally responsible" for the debt, which he would pay back at a rate of $1,000 per week. Werther then received two $500 checks and a letter from MSI, promising that the loan would be repaid at a rate of $500 per week. In 1998, MSI filed for bankruptcy, but Werther was not listed as a creditor of the company. According to MSI's chief financial officer, Jeffrey Miller, Werther was not listed as a creditor because the loan was to Ades, personally, rather than to MSI.

Evidently, Werther received no more money from MSI or Ades, and he sued both, alleging breach of contract. Werther subsequently dismissed MSI without prejudice, choosing to proceed solely against Ades. In his amended complaint, Werther added claims for unjust enrichment and fraud.

Ades moved for partial summary judgment on Werther's fraud claims, and Werther filed a cross-motion for partial summary judgment on his claims for breach of contract and unjust enrichment. The trial court granted Werther's motion with respect to his claim of unjust enrichment and denied the remaining claims. Ades appeals, contending that the trial court erred in (1) granting Werther's motion as to unjust enrichment; and (2) denying Ades' motion as to the fraud claims.

1. " 'An action for unjust enrichment lies when money is paid on the debt of another, with his consent and approval, where the person making the payment was obligated to make the payment, and no consideration or benefit inures to his benefit, and credit for such pay-

ments inures to the benefit of the other party.' "[4] However, the theory of unjust enrichment applies only when there is no legal contract.[5] Thus, implicit in the trial court's order is a finding that, as a matter of law, no contract existed. We disagree.

Werther's primary cause of action against Ades is for breach of contract. Under OCGA § 13-3-1, "[t]o constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." Here, the undisputed evidence shows that Werther agreed to lend money with the expectation of being repaid. Thus, there appears to be a contract. Indeed, Ades does not dispute the existence of a contract, but merely maintains that he, personally, was not a party to it.

In its order granting summary judgment on Werther's unjust enrichment claim, the trial court provides no basis for its conclusion that there was no enforceable contract. Arguably, the trial court found that it came within the statute of frauds, which requires a written agreement for "[a]ny commitment to lend money."[6] However, this case does not involve a *commitment* to lend money, but money already lent. And "[t]he provisions of the Statute of Frauds do not extend to cases where there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance."[7]

We can find no basis for summarily rejecting Werther's contract claim, and neither the trial court nor the parties provide any insight as to why the contract fails as a matter of law. "[W]here there is a conflict in the evidence as to the existence of an oral contract or as to its terms, the matter must be submitted to a jury for resolution."[8] Here, there is such conflict, as the parties hotly contest whether Ades, personally, was a party to the agreement. Under these circumstances, there is a jury issue, and the trial court erred in ruling, albeit implicitly, that no contract existed between Werther and Ades.[9] It follows that the trial court erred in granting Werther summary judgment on his unjust enrichment claim.[10]

2. In his complaint, Werther alleges that Ades fraudulently induced him to make the loan by telling him that the loan would be repaid in one month and that the funds would be held in a bank

---

[4] *Fleming v. C & S Nat. Bank*, 243 Ga. 144, 146 (1) (253 SE2d 76) (1979).
[5] See *Phillips v. Blankenship*, 251 Ga. App. 235, 236 (2) (554 SE2d 231) (2001); *Smith Svc. Oil Co. v. Parker*, 250 Ga. App. 270, 272 (4) (549 SE2d 485) (2001).
[6] OCGA § 13-5-30 (7).
[7] (Punctuation omitted.) *Rose v. Cain*, 247 Ga. App. 481, 484 (3) (544 SE2d 453) (2001).
[8] (Punctuation omitted.) *Dover v. Mathis*, 249 Ga. App. 753, 754 (549 SE2d 541) (2001).
[9] See id.
[10] See *Mabry v. Pelton*, 208 Ga. App. 891, 893 (3) (432 SE2d 588) (1993).

account and not disbursed.[11] Werther further alleges that Ades fraudulently induced him to forbear in collecting the loan by sending Werther a letter acknowledging that MSI would repay the loan. Ades contends that he is entitled to judgment as a matter of law as to all fraud allegations.

In reviewing such contention, "[w]e evaluate whether some evidence supports the five elements of fraud: (1) false representation by defendant; (2) scienter; (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff."[12] The absence of a single element warrants summary judgment.[13]

(a) Ades contends that he is entitled to summary judgment based upon the lack of evidence that any of his alleged representations to Werther, which involved promises to perform some act in the future, were fraudulent at the time made. We agree with Ades that, to sustain a claim of fraud under these circumstances, there must be some evidence that Ades made the alleged promises to Werther with a present intent not to perform.[14] However, we disagree with Ades that there is insufficient evidence to submit the issue to a jury.

As fraud is inherently subtle, a claimant may survive summary judgment if there is slight, circumstantial evidence supporting a fraud claim.[15] "It is peculiarly the province of the jury to pass on these circumstances showing fraud."[16] The record, viewed favorably to Werther, shows that Ades obtained money from Werther based upon a promise to repay the money in one month. At that time, however, Ades was in financial difficulty. According to Miller, neither MSI nor Ades had the assets to repay the money. Thus, there is some evidence that, to obtain the loan, Ades promised to repay the money in one month with the present intent not to perform, creating a jury issue on Werther's fraud claim.

Ades also claims he is entitled to summary judgment based upon Werther's "failure to conduct any due diligence whatsoever" prior to lending the money. Ades reasons that such failure precludes Werther from alleging justifiable reliance. Again, we disagree.

Justifiable reliance, more often than not, is a jury issue.[17] If,

---

[11] Although Werther alleges this conduct constitutes two separate counts of fraud, both counts are based upon the same loss – the $82,000 loan. Thus, we address the two counts as one claim of fraud.

[12] *Lakeside Investments Group v. Allen*, 253 Ga. App. 448, 450 (559 SE2d 491) (2002).

[13] See id.

[14] See *Buckley v. Turner Heritage Homes*, 248 Ga. App. 793, 795 (3) (547 SE2d 373) (2001).

[15] See *Fann v. Mills*, 248 Ga. App. 460, 464 (2) (546 SE2d 853) (2001).

[16] (Punctuation omitted.) Id.

[17] See *Dyer v. Honea*, 252 Ga. App. 735, 740 (3) (b) (557 SE2d 20) (2001).

however, the means of ascertaining the relevant facts are equally available to all parties, summary judgment may be appropriate.[18] That is not the case here. According to Werther, Ades was frantic when he called to request a loan. When Werther attempted to delay providing the money, Ades said the situation was urgent and that he needed the funds immediately. When Werther agreed to send Ades a check, Ades indicated that processing a check would take too long, and he asked Werther to wire the money to the bank account. Under these circumstances, there is, at the very least, a jury issue on whether Werther was justified in relying on Ades' representations in loaning the money.

Finally, Ades contends that he is entitled to summary judgment because " '[f]raud cannot be predicated on a promise which is unenforceable at the time it is made.' " Ades characterizes Werther's claim as a guaranty agreement, under which Ades promised to repay Werther's loan to MSI. As a guaranty must be in writing to be enforceable,[19] Ades contends the agreement is void as a matter of law. However, Werther's complaint alleges that he loaned the money to Ades, personally. Thus, Ades' guaranty argument is misplaced. It follows that the trial court did not err in denying Ades' motion for summary judgment on this basis.

(b) Ades also asserts that he is entitled to summary judgment on Werther's claim that Ades fraudulently induced him to forbear collecting the debt. Although Werther's claim is not entirely clear, he apparently contends that Ades fraudulently induced him to delay filing suit by sending a letter indicating that MSI would repay the loan at a rate of $500 per week.[20] Again, given the evidence that Ades knew that MSI was incapable of repaying such loan, we agree with the trial court that there is sufficient evidence to submit this fraud issue to a jury. And, to the extent Ades contends that there is no evidence of damages, we disagree. In response to Ades' motion for summary judgment, Werther asserted that his damage was the additional interest that would have accrued had he not delayed in filing suit. Thus, there is some evidence from which a jury could infer damages, and the trial court did not err in denying Ades' motion for summary judgment as to this count.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Barnes, J., concur.*

---

[18] See id.

[19] See OCGA § 13-5-30 (2).

[20] Werther also contends that "Ades sent this letter with the intention of deceiving Plaintiff into believing that . . . Ades was not personally liable for said loan." As Werther has consistently maintained that Ades is liable on the loan, we fail to see how this statement either induced or was intended to induce any action on Werther's part.

DECIDED JUNE 19, 2002.

*Friedman, Dever & Merlin, Hayes M. Dever, Michael F. O'Neill, Alison K. Arce,* for appellant.
*Peter J. Ross,* for appellee.