## A04A1375. SOLOMON v. BARNETT et al.
(605 SE2d 599)

ANDREWS, Presiding Judge.

William C. Solomon d/b/a Graphic Engineering, appeals from the trial court's partial grant of summary judgment to W. Harry Barnett, individually,[1] in Solomon's suit for breach of a joint venture agreement. The sole issue is whether the trial court erred in concluding that Barnett individually, as opposed to his corporations, would not be liable for any damages recoverable by Solomon.

On review of the grant or denial of a motion for summary judgment, this Court must determine

> whether the trial court erred in concluding that no genuine issue of material fact remains and that the party was entitled to judgment as a matter of law. This requires a de novo review of the evidence. Summary judgment is appropriate when the court, viewing all the facts and evidence and reasonable inferences from those facts in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case.

(Citations and punctuation omitted.) *Rubin v. Cello Corp.*, 235 Ga. App. 250-251 (510 SE2d 541) (1998).

So viewed in the light most favorable to Solomon, the evidence was that Barnett, who lived in Georgia, and Solomon, who lived in Missouri, were both involved in purchasing and reselling used printing equipment and had known each other for 25 years. Solomon contends that, at the NEXPO (newspaper) convention in June 1998, he and Barnett, individually, agreed to "join forces and make some real money." Solomon acknowledges that no written document was prepared or executed regarding this joint venture.

Barnett had several business entities, including three corporations. Newscomm, Inc., a Georgia corporation, was incorporated on October 2, 1995, administratively dissolved on February 24, 2001, and reinstated on April 29, 2003. Newscomm Web Press Sales, Inc., a Delaware corporation, was incorporated July 15, 1991, administratively dissolved March 1, 1994, and reinstated May 21, 2003. News-Comm Technology, Inc., a Delaware corporation, was incorporated January 7, 1991, administratively dissolved March 1, 1994, and reinstated on May 21, 2003.

---

[1] In addition to Barnett, individually, the defendants below were NewsComm Technology, Inc.; Newscomm Web Press Sales, Inc.; and XYZ Corporations.

Prior to the 19 transactions which Solomon contends were subject to the joint venture agreement, it is undisputed that there were nonjoint venture business deals involving Barnett and Solomon. In February 1998, Barnett and Solomon worked together, without a written agreement, to purchase and sell a used 8 Unit Color King Offset Press. The press was purchased from Cross Graphics in England for $85,000.

The customs declaration regarding the press stated that it had been purchased and was being returned to America, where manufactured, for resale. It listed NewsComm Technology, Inc. as the purchaser and was signed by Barnett as president. Solomon d/b/a Graphic Engineering,[2] on February 6, 1998, wrote a check for half the purchase price payable to Newscomm Web Press Sales, Inc. On April 2, 1998, a second check was issued by Solomon for half of the freight for shipping the press, payable again to Newscomm Web Press Sales, Inc. The press was resold and both Solomon and Barnett made a profit.

In the spring of 1998, Barnett located an entire plant of printing press equipment for sale in California. In addition to Barnett and Solomon, a third man, Ken Floyd, was also involved in this transaction, which was referred to as the Sun Litho deal. There was nothing in writing among the three men, but they orally agreed to split the deal one-third apiece. Solomon received a fax from Newscomm Web Press Sales, Inc. indicating that he should send a $100,000 wire transfer to the bank account of Newscomm Web Press Sales, Inc. as a down payment on the transaction. The actual documents carrying out the deal, however, were between Sun Litho, Inc., Newscomm Web Press Sales, Inc., NewsComm Web Press Sales, and NewsComm Technology, Inc. Solomon was sent copies of these documents on April 30, 1998, prior to their execution, and knew that only corporations were referred to in them. He also knew that Barnett was the principal of Newscomm Web Press Sales, Inc. and other companies. Solomon acknowledged that the Sun Litho transaction was unrelated to other transactions with Barnett and it was the only one involving Floyd.

In August 1998, Barnett contacted Solomon regarding a Goss SC press owned by Durel Boles of Offset Newspaper Equipment (ONE) in Atlanta. The press was purchased for $125,130, and Solomon sent his check for half to NewsComm Web Press Sales. This unit was later resold to Tri-Mega Business International, Inc. in the Phillippines. The invoices for this sale were on the letterhead of NewsComm Technology, Inc.

---

[2] Solomon began doing business as Graphic Engineering in 1990, and it was not incorporated.

Solomon filed suit in December 2001 on numerous theories. In December 2002, Barnett and the corporate defendants filed their motion for summary judgment, contending that there had not been a valid joint venture agreement because there was no meeting of the minds on numerous aspects of it, and also on the basis of the statute of frauds. In March 2003, Solomon filed his motion for partial summary judgment on the "issue of piercing the corporate veil." Solomon argued that Barnett conducted the affairs of NewsComm Technology, Inc. and Newscomm Web Press Sales, Inc. and his own personal affairs in such a manner as to disregard the separateness of these two entities. Solomon also premised his argument on the fact that, according to the Delaware and Georgia Secretary of State offices, the Georgia entity, Newscomm, Inc., and the Delaware entity, NewsComm Technology, Inc., had been administratively dissolved and, therefore, there were no legitimate corporate entities.

By order of July 11, 2003, the trial court, on Barnett's motion seeking summary judgment on claims against him personally, found that, because there was nothing in the record to indicate the corporations had been reinstated, as in *Fulton Paper Co. v. Reeves*, 212 Ga. App. 314 (441 SE2d 881) (1994), his motion for summary judgment was denied.

Further, regarding Solomon's fraud claims, the trial court found that these had been withdrawn. Regarding the existence and breach of any oral contract arising from the June 1998 conversation between Barnett and Solomon, the trial court denied defendants' motion for summary judgment, finding it a matter for the jury. Likewise, the trial court concluded that the issue of whether the corporate veil or veils should be pierced was for the jury, and denied Solomon's motion for summary judgment on this ground.

Barnett filed his motion for reconsideration regarding the corporate dissolutions on August 1, 2003, contending that the trial court had failed to consider documentary evidence of the reinstatement of his three corporations. On May 27, 2003, before the trial court's order of July 11, Barnett had filed his motion to supplement the record regarding the status of his corporations. Although the trial court originally denied Barnett's motion to supplement, finding it untimely, all parties thereafter agreed that the trial court should reconsider Barnett's motion for partial summary judgment on the sole issue of his personal liability for any recovery.

Having considered the supplemented record, the trial court concluded that, because Newscomm Web Press Sales, Inc. and News-Comm Technology, Inc. had been reinstated in Delaware on May 21, 2003, they were not illegitimate corporate entities, as argued by Solomon. Pursuant to 8 Del. Code § 312 (e), the corporations were "renewed and revived with the same force and effect as if [their]

certificate[s] of incorporation had not [yet] been forfeited . . . , or inoperative and void, or had not expired by limitation." Further, all contracts are thereby validated with the same force and effect as if "the certificate of incorporation had at all times remained in full force and effect." Id.

Further, based on the facts set out above regarding Solomon's dealings with these corporate entities prior to and after the alleged formation of the joint venture agreement, the trial court concluded that any such joint venture would have been with Barnett in "some capacity on behalf of a corporate entity and not as an individual."

1. Solomon's first enumeration is that the "purported reinstatements" in May 2003 were irrelevant to whether the joint venture formed in June 1998 was between Barnett and Solomon individually.

Regarding the relevance of the reinstatements, because the administrative dissolution of Barnett's corporate entities and their claimed resulting lack of legal existence was one of the grounds for Solomon's motion for partial summary judgment below, the reinstatements are clearly relevant. See OCGA § 24-2-1; *Spencer v. Kyle Realty Co.*, 225 Ga. App. 203, 205 (2) (483 SE2d 639) (1997).

2. Subpart A[3] of the first enumeration is that the trial court erred in allowing the purported reinstatements to relate back in time to the 1998 joint venture agreement.

Because, pursuant to the 8 Del. Code § 312 (e), quoted above, as a matter of law the reinstatements did relate back,[4] the trial court did not err in so ruling. See also *Fulton Paper Co. v. Reeves*, supra at 315 (2) (physical precedent only); *In re Clary*, 259 BR 453 (S.D. Ga. 2001).

3. Subpart B states that the trial court erred in finding that Barnett was equitably estopped from taking advantage of the retroactive reinstatements.

Solomon does not direct this Court's attention to any ruling of the trial court which addressed the issue of equitable estoppel and we find no such ruling.[5] In fact, in his brief, Solomon urges this Court to apply the doctrine. Absent a ruling by the trial court, however, this issue is not ripe for review and we will not address it. *Gilbert v. Montlick & Assoc.*, 248 Ga. App. 535, 537 (4) (546 SE2d 895) (2001).

4. Finally, Solomon argues that, even considering the reinstatement of the corporations, the trial court erred in granting Barnett summary judgment.

---

[3] Pursuant to *Felix v. State*, 271 Ga. 534 (523 SE2d 1) (1999), we consider this as an error set out separately under OCGA § 5-6-40.

[4] See also *Frederic G. Krapf &c., Inc. v. Gorson*, 243 A2d 713 (Del. 1968).

[5] The only reference to equitable estoppel in Solomon's pleadings that we have found is his request, in his August 2003 supplemental response to Barnett's motion for reconsideration by the trial court of the issue of corporate reinstatement.

Part of the argument presented regarding this issue is based upon Barnett's claimed bad faith or fraud. As set out above, however, this claim was withdrawn below, as noted by the trial court in its order of July 11, 2003. This order was not appealed. We will not consider arguments regarding a moot issue.

To the extent that Solomon relies on "numerous, material inconsistencies and contradictions between Barnett's testimony, the documentary evidence, and Solomon's testimony" that were unaddressed by the trial court, we are unable to consider them because they are not further specified or identified by references to the record.

There was no error on this ground.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED SEPTEMBER 3, 2004 —
RECONSIDERATION DENIED SEPTEMBER 30, 2004 — ▇▇▇▇▇▇

*Gray, Hedrick & Edenfield, Bruce M. Edenfield, Evan R. Mermelstein,* for appellant

*Moss & Rothenberg, Jeffrey P. Rothenberg, Jeffrey M. Fishman,* for appellees.