### A04A1375. SOLOMON v. BARNETT et al.
(623 SE2d 4)

ANDREWS, Presiding Judge.

In *Solomon v. Barnett,* 269 Ga. App. 779 (605 SE2d 599) (2004), we determined that the trial court correctly concluded that William Solomon d/b/a Graphic Engineering, plaintiff below, dealt with W. Harry Barnett not in Barnett's personal capacity, but only through Barnett's corporate entities, and that the corporations' reinstatements were retroactive as a matter of law.

Pursuant to grant of certiorari, the Supreme Court remanded the case to this Court "for its resolution of [Solomon's] equitable estoppel argument, which was properly before that Court. *State v. Tye,* 276 Ga. 559, 562 (580 SE2d 528) (2003)." *Solomon v. Barnett,* 2005 Ga. LEXIS 55 (2005) (unpublished). Therefore, Division 3 of *Solomon v. Barnett,* supra, is hereby vacated and the following substituted therefor.

3. In Enumeration I B., Solomon contends that the trial court erred in not finding Barnett equitably estopped and in failing to prevent Barnett from taking unfair advantage of the retroactive reinstatements to Solomon's detriment.

> Estoppels are not generally favored. [OCGA § 24-4-24 (a).] ... "In order to constitute estoppel by conduct, there must concur, first, a false representation or concealment of facts; second, it must be within the knowledge of the party making the one or concealing the other; third, the person affected thereby must be ignorant of the truth; fourth, the person seeking to influence the conduct of the other must act intentionally for that purpose; and, fifth, persons complaining shall have been induced to act by reason of such conduct of the other." *Tinsley v. Rice,* 105 Ga. 285, 290 (31 SE 174). "Where the facts relied on to establish the estoppel do not unequivocally show an estoppel in pais, the jury, and not the judge, should determine whether the facts constitute such an estoppel." *Tune v. Beeland,* 131 Ga. 528 (3) (62 SE 976); *Hughes v. Cobb,* 195 Ga. 213, 231 (23 SE2d 701).

*Calhoun v. Williamson,* 76 Ga. App. 91, 93 (2) (45 SE2d 87) (1947). See also *Smithloff v. Benson,* 173 Ga. App. 870, 874 (3) (328 SE2d 759) (1985).

As set out in *Solomon v. Barnett*, supra at 782, n. 5, Solomon only raised the issue of equitable estoppel in response to Barnett's motion for reconsideration of the trial court's denial of his motion for summary judgment based on his corporations' reinstatement.[1] Prior to the trial court's denial of his motion for summary judgment, Barnett had filed, on May 27, 2003, his motion to supplement the record to prove the corporate reinstatements. All parties then agreed the issue should be considered, resulting in the trial court's ruling and our review.

Because the record here is replete with disputed facts concerning the dealings between Barnett, his corporations, and Solomon, there was no error in the trial court's conclusion that Solomon had failed to come forward, in response to Barnett's motion for summary judgment on the issue of corporate reinstatement, with sufficient evidence to show equitable estoppel as a defense to corporate reinstatement as a matter of law. See *Eiberger v. West*, 247 Ga. 767, 769 (1) (281 SE2d 148) (1981); *Smith v. Direct Media Corp.*, 247 Ga. App. 771, 773 (1) (544 SE2d 762) (2001).

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED OCTOBER 14, 2005 —
RECONSIDERATION DENIED NOVEMBER 3, 2005 —

*Gray, Hedrick & Edenfield, Bruce M. Edenfield, Evan R. Mermelstein*, for appellant.

*Moss & Rothenberg, Jeffrey P. Rothenberg, Jeffrey M. Fishman*, for appellees.

---

[1] As stated in *Solomon v. Barnett*, supra at 781, the trial court also denied Barnett's motion for partial summary judgment on Solomon's claims of breach of an oral contract and denied Solomon's motion for summary judgment on piercing Barnett's corporate veils, leaving these for the jury's resolution.