S06G0496. SOLOMON v. BARNETT et al.
(636 SE2d 541)

HUNSTEIN, Presiding Justice.

We granted certiorari to consider whether the Court of Appeals correctly placed the burden on the non-movant plaintiff in this case to establish his contentions as a matter of law in order to defeat summary judgment. Pertinent to this appeal, the record reflects that Solomon brought suit against Barnett, Barnett's sole proprietorship and several corporate entities to recover his share of profits from a joint venture/partnership arrangement formed in 1998. Barnett moved for summary judgment contending that he entered into the agreement not in his individual capacity but rather on behalf of a corporate entity. Evidence established that the corporate entities had been administratively dissolved; however, Barnett introduced his averral that he was unaware of the dissolutions at the time of the transactions in issue and also evidence that the corporations had been reinstated after the filing of Solomon's suit. See *Fulton Paper Co. v. Reeves,* 212 Ga. App. 314 (2) (441 SE2d 881) (1994) (reinstatement of corporation acts to treat dissolution as if it had never

occurred). In response, Solomon argued Barnett was equitably estopped to raise corporate reinstatement. See generally OCGA § 24-4-27. The trial court rejected Solomon's argument when it held that it was legally required to proceed as if the defendant corporations had never been administratively dissolved and that "all the evidence of record supports a finding that Defendant Barnett entered into the alleged joint venture/partnership agreement with [Solomon] in some capacity on behalf of a corporate entity and not as an individual."

The Court of Appeals affirmed the grant of summary judgment to Barnett in *Solomon v. Barnett*, 269 Ga. App. 779 (605 SE2d 599) (2004), but because it had improperly declined to address Solomon's argument regarding equitable estoppel, see id. at 782 (3), this Court in January 2005 granted Solomon's petition for writ of certiorari and in the same order remanded the case with direction that the Court of Appeals resolve the matter. On remand, that court outlined the case's procedural history, quoted general equitable estoppel principles of law and concluded:

> [b]ecause the record here is replete with disputed facts concerning the dealings between Barnett, his corporations, and Solomon, there was no error in the trial court's conclusion that Solomon had failed to come forward, in response to Barnett's motion for summary judgment on the issue of corporate reinstatement, with sufficient evidence to show equitable estoppel as a defense to corporate reinstatement as a matter of law. See *Eiberger v. West*, 247 Ga. 767, 769 (1) (281 SE2d 148) (1981); *Smith v. Direct Media Corp.*, 247 Ga. App. 771, 773 (1) (544 SE2d 762) (2001).

*Solomon v. Barnett*, 276 Ga. App. 210, 211 (623 SE2d 4) (2005). Because of this language we again granted Solomon's petition for certiorari. For the reasons that follow, we reverse.

Applying our holding in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), we recognize that Barnett, as a named defendant, could prevail at summary judgment under OCGA § 9-11-56 only by affirmatively disproving Solomon's claim with his own evidence establishing the absence of any genuine issue of material fact or by showing from the affidavits, depositions and other documents in the record that there was an absence of evidence to support at least one essential element of Solomon's claim. Barnett had the burden of proof even as to issues upon which Solomon would have the trial burden. See *Ringer v. Lockhart*, 240 Ga. 82, 83 (239 SE2d 349) (1977). We accept the Court of Appeals' factual finding in addressing the equitable estoppel issue in this case that "the record here is replete with

disputed facts concerning the dealings between Barnett, his corporations, and Solomon." *Solomon*, supra, 276 Ga. App. at 211. See Supreme Court Rule 40 (certiorari generally not granted to review sufficiency of evidence); see generally *Atlanta Committee for the Olympic Games v. Hawthorne*, 278 Ga. 116, 118 (1) (598 SE2d 471) (2004) (accepting factual findings by Court of Appeals where certiorari not granted to review those findings). This is consonant with the cases, cited by the Court of Appeals, acknowledging that the existence of estoppel is generally a question for the factfinder to resolve. *Eiberger*, supra, 247 Ga. at 769 (1) (a); *Smith*, supra, 247 Ga. App. at 773 (1).

In light of the unresolved factual conflicts found by the Court of Appeals to exist regarding the activities that gave rise to Solomon's assertion of equitable estoppel, it cannot be said that Barnett either affirmatively disproved or demonstrated an absence of evidence in regard to that issue. He thus failed to carry his burden. See *Lau's Corp.*, supra, 261 Ga. at 491. Nevertheless, the Court of Appeals affirmed the grant of summary judgment to Barnett for the stated reason that Solomon, in response to Barnett's motion, failed to "come forward" with "sufficient evidence" to establish equitable estoppel "as a matter of law." *Solomon*, supra, 276 Ga. at 211. The Court of Appeals erred by so holding. The law is well established that Solomon as the non-movant was not required to produce any counter evidence or materials in affirmative support of his side of the issue until Barnett carried the burden placed upon him as the movant for summary judgment. See generally *Ringer*, supra, 240 Ga. at 83. Compounding the error, the Court of Appeals required Solomon to produce evidence that supported his contentions "as a matter of law" in order to avoid summary judgment. Even if Barnett had carried his burden, Solomon would not have been required to counter with evidence proving his contentions as a "matter of law"; rather, when the moving party discharges his burden, the non-movant need only counter by "point-[ing] to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp.*, supra, 261 Ga. at 491. We reiterate our holding in *Pafford v. Biomet*, 264 Ga. 540 (2) (448 SE2d 347) (1994) that summary judgment is not appropriate merely because the non-movant plaintiff did not produce specific conclusive evidence to support his claim. "The fact that the evidence adduced by [the plaintiff] in his response to the motion for summary judgment does not prove *definitively* [his entitlement to the relief sought] is of no significance to the trial court's deliberations as to whether or not to grant summary judgment." (Citations and punctuation omitted.) Id. at 544 (2). Accordingly, we reverse the erroneous statement to the contrary made by the Court of Appeals.

We therefore conclude that in light of the factual findings made by the Court of Appeals, summary judgment was not appropriate in this case, making erroneous both the trial court's grant of summary judgment to Barnett and the Court of Appeals' affirmance of that judgment. See generally *Parker v. Crider Poultry, Inc.*, 275 Ga. 361 (2) (565 SE2d 797) (2002).

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 16, 2006.

*Gray, Hedrick & Edenfield, Bruce M. Edenfield, Evan R. Mermelstein*, for appellant.

*Jeffrey M. Fishman, Moss & Rothenberg, Jeffrey P. Rothenberg*, for appellees.

*Robertson, Bodoh & Nasrallah, Matthew G. Nasrallah*, amicus curiae.