A06A2184. MARCUM v. GARDNER et al.
(641 SE2d 678)

RUFFIN, Judge.

C. Rob Marcum sued Dan Gardner, Jay Steele, and DG Productions, LLC (collectively, "defendants"), seeking to recover money that

he allegedly loaned to them. The defendants moved for summary judgment, arguing that the money was an investment rather than a loan. The trial court granted the defendants' motion for summary judgment. In three enumerations of error, Marcum appeals this ruling. We conclude that the trial court erred in granting summary judgment to the defendants and, therefore, we reverse.

Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law.[1] We review a trial court's summary judgment ruling de novo, construing the facts and all reasonable inferences in favor of the nonmoving party.[2]

So viewed, the record shows that in August 2003, Dennis Kurtz, the personal manager for Dan Gardner, a musician, approached Marcum regarding investing up to $150,000 in an album by Gardner. Marcum gave Kurtz a check for $50,000, made payable to "DG Productions, LLC,"[3] to be used for "producing, releasing[,] and promoting" Gardner's album. Marcum characterized the $50,000 as an "advance," stating that the

> initial funds were to be used by . . . Gardner solely for the production, release[,] and promotion of the [a]lbum, conditioned on the satisfactory completion of negotiations of an agreement between . . . Gardner and me. If an acceptable agreement was finalized guaranteeing to me some security interest in the album and a proper return on my investment, I expected to invest an additional $100,000.

In an affidavit, Kurtz agreed that the $50,000 was an advance, referring to it as "a conditional investment," and stated that "[t]he $50,000 advanced by Marcum, and any further investment by him, were expressly conditioned upon the completion of negotiations of an acceptable written contract between Gardner and Marcum." According to Kurtz, if the parties were unable to finalize a written agreement as to all terms, Marcum would not make any further investment and "Gardner would have to return Marcum's $50,000." Gardner, conversely, characterized the $50,000 as "partial payment" and "the first of three investment installments with the understanding that a formal written agreement would be negotiated."

---

[1] See *Ades v. Werther*, 256 Ga. App. 8 (567 SE2d 340) (2002).

[2] See id.

[3] At Gardner's request, Kurtz told Marcum to make the check payable to DG Productions, LLC, a limited liability company owned solely by Gardner, " 'for tax purposes.' " The notes section of the check stated "1/3 investment on Dan Gardner."

The parties were unable to agree upon the terms of a formal written agreement. Marcum demanded that Gardner return the $50,000, but Gardner refused. Gardner maintains that although the money was used "to fund the production, marketing[,] and distribution of the [p]roject," the project ultimately was unsuccessful because Marcum failed to complete his investment. Marcum alleges that a portion of the $50,000 was spent on items unrelated to the production, promotion, and release of the album, including cosmetic dentistry and a personal computer.

Marcum filed suit against the defendants on June 18, 2004, seeking return of the "$50,000 advance loaned to the [d]efendants," plus interest, attorney fees, and litigation expenses. Thereafter, the trial court granted the defendants' motion for summary judgment as to all claims, effectively permitting the defendants to retain the $50,000.

In its final order, the trial court does not clearly state the parties' respective positions regarding Marcum's $50,000 payment to Gardner. Initially, the trial court writes that Marcum "looked upon the transaction as an investment with continuing royalties after his initial capital expenditure was recouped" and the defendants "looked upon the transaction as a loan of a limited and unsecured nature." Then, in the discussion section of the order, the trial court indicates that "[Marcum] argues that he provided a loan to [the d]efendants, while [d]efendants argue that the funds were either an investment or an outright gift." The trial court then concludes that because the note on the face of the check states "[f]or 1/3 investment on Dan Gardner," and because the *defendants* admit that the payment was an investment, not a loan, the "evidence appears to show that both parties intended the transaction to constitute an investment, and [Marcum]'s claim cannot survive [the d]efendants' motion for summary judgment." Notably, the trial court cites no case law in support of its conclusion.

The trial court's order is unclear regarding the respective claims of the parties. Nevertheless, we find no basis for summarily rejecting Marcum's claim that the defendants should return the $50,000. Neither the trial court nor the defendants provide any insight as to why the defendants were entitled to retain the $50,000 as a matter of law. To prevail at summary judgment, the defendants were required to affirmatively disprove Marcum's claim with their "own evidence establishing the absence of any genuine issue of material fact or by showing from the affidavits, depositions and other documents in the

record that there was an absence of evidence to support at least one essential element of [plaintiff's] claim."[4] This they did not do.

In his complaint, Marcum maintained that the $50,000 was a loan. Gardner's affidavit to the contrary, in which he characterizes the $50,000 as "the first of three investment installments with the understanding that a formal written agreement would be negotiated," presents a factual conflict, not entitlement to judgment. Moreover, Kurtz, who conducted all negotiations with Marcum, understood that "Gardner would have to return Marcum's $50,000 if no agreement was reached." In light of the unresolved factual conflicts here, the defendants have failed to either affirmatively disprove or demonstrate an absence of evidence in regard to the nature of the parties' transaction.[5]

Under these circumstances, a jury issue exists, and the trial court erred in summarily dismissing Marcum's claim and concluding that the defendants were entitled to retain the $50,000.[6]

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 6, 2007.

*Scott D. Sanders*, for appellant.

*Hewitt & Rogers, A. Kenneth Hewitt III, Leron E. Rogers*, for appellees.

---

[4] *Solomon v. Barnett*, 281 Ga. 130, 131 (636 SE2d 541) (2006).

[5] Id. at 132.

[6] See *Ades*, supra at 10 (1); *Dover v. Mathis*, 249 Ga. App. 753, 754 (549 SE2d 541) (2001).